**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** SA-19-CV-995 |
| | § | |
| **ANTHONY HERRERA,** | § | |
| | § | |
| **Defendant.** | § | |

**VERIFIED ORIGINAL COMPLAINT**

NOW COMES the United States of America and files this Verified Original Complaint ("Complaint") as follows:

**INTRODUCTION**

1. The U.S. Railroad Retirement Board ("USRRB") is an independent agency of the Federal Government. The USRRB takes the place of Social Security for railroad workers and their families. The USRRB's primary function is to administer comprehensive retirement, disability, survivor and unemployment/sickness benefit programs for the nation's railroad workers and their eligible family members under the Railroad Retirement Act ("RRA") and Railroad Unemployment Insurance Act ("RUIA"). In connection with the retirement program, the USRRB has administrative responsibilities under the Social Security Act for certain social security benefit payments and railroad workers' Medicare coverage.

2. This action seeks triple damages and civil money penalties against Defendant Anthony Herrera ("Defendant" or "Mr. Herrera") based upon false claims and false records or statements made or used by him in order to obtain USRRB benefits. *See* 31 U.S.C. § 3729; 45

U.S.C. § 231(l).  Alternatively, this action seeks damages for payment by mistake of fact, unjust enrichment, and conversion.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant is Anthony Herrera, an individual and a resident of San Antonio, Texas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1345.

6. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a) because the conduct which gave rise to this complaint occurred in San Antonio, Texas.

## STATEMENT OF THE CASE

7. RRA, as amended, provides benefits for disabled railroad workers and is administered by the USRRB.  This program is financed by taxes paid by railroad employers and employees.

8. Defendant is a former railroad employee that reported to have last worked for Union Pacific Railroad on or about April 15, 2002, after allegedly sustaining a work-related injury.

9. Defendant began receiving a disability annuity from the USRRB with disability onset date of April 1, 2006, and an annuity beginning October 1, 2006.  The USRRB found Defendant to be disabled from all work (total and permanent disability), based on medical documentation and applications he submitted, which included a history of a herniated disc and radiculopathy.  The USRRB'S determination was also based on Defendant not being engaged in Substantial Gainful Activity.

10.     Before receiving his annuity, Defendant submitted a USRRB Form G-251, Vocational Report, which he signed and dated June 13, 2006.  This form required Defendant to list all railroad and non-railroad jobs he has had in the last 15 years.  Defendant only listed Union Pacific Railroad, from July 1996 to April 2002, and Redland Stone Product, from June 1986 to June 1996, on this form.  On this form, Defendant signed the certification which states:

11.     "I know that criminal and civil penalties may be imposed on me for false or fraudulent statements, or for withholding information to misrepresent a fact material to determining a right to a payment under the Railroad Retirement Act. I affirm that to the best of my knowledge, the information I have given represents the complete truth."

12.     Defendant did not list any employment or self-employment after his employment with Union Pacific Railroad, which ended on or about April 15, 2002.  If Defendant had disclosed his self-employment, the RRB would have required him to complete additional forms, such as RRB Form AA-4, Self-Employment and Substantial Service Questionnaire, to obtain the necessary details concerning his self-employment activities, in order to accurately determine his eligibility for disability benefits.

13.     The Railroad Retirement Act requires any individual receiving a USRRB disability annuity to report all work activity regardless of earnings.

14.     Defendant was informed and aware of his duty to promptly notify any social security office or any railroad retirement field office if he took a job or become self-employed, or if his condition improved such that he was able to work even if he had not returned to work.

15.     Defendant repeatedly certified that he was not employed or working for someone other than a railroad company, including in two USRRB Form G-254As dated September 24, 2010, and September 20, 2015.

16.     While receiving his disability annuity, Defendant was employed and received income from multiple sources, including self-employment consisting of ownership of a restaurant and metal roofing businesses, AH Roofing and Herrera Construction Services.

17.     Notwithstanding his duty to report any employment or ability to work, Defendant received and accepted his disability annuity continuously until his annuity payments were suspended based on his status as a fugitive felon/probation violator, effective September 1, 2018. The suspension was subsequently lifted and he resumed receiving benefits.

18.     Failure to report any employment or self-employment to the USRRB is a violation of Title 45 U.S. Code § 231(l).

19.     On June 13, 2006, Defendant certified on USRRB Form G-251 that he was not employed after his railroad employment ending in April 2002, despite the fact he was listed as the Sole Owner of Blanco's Mexican Restaurant and the Owner, President, Registered Agent, Director and Incorporator of Herrera Enterprises, Inc. during this timeframe.

20.     On September 4, 2006, Defendant certified on USRRB Form AA-lD that as of April 15, 2002, he had not worked and did not have the ability to work, despite the fact he was the Sole Owner of Blanco's Mexican Restaurant and the Owner, President, Registered Agent, Director and Incorporator of Herrera Enterprises, Inc. during this timeframe.  Defendant also certified he had not worked for pay for an employer in last twelve (12) months and did not expect to work in the next twelve (12) months (including self-employment).

21.     Defendant further certified that he would immediately notify the USRRB of any employment or self-employment, which he did not.  Defendant stated his medical condition limited him to no climbing and certified that he would immediately notify the USRRB if his condition

improved; however, after signing this form Mr. Herrera worked as a roofer and performing other jobs in which witnesses observed him climbing ladders.

22. As a result of Defendant knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, the USRRB paid benefits to which Defendant was not entitled in the amount of more than $452,092.00, before Medicare and garnishment deductions.

23. *See* Chart below.

| Benefit Effective Dates | Months | Rates | Total Due for Period |
|---|---|---|---|
| 10/2006 – 11/2006 | 2 | $2,530.00 | $5,060.00 |
| 12/2006 – 11/2007 | 12 | $2,614.00 | $31,368.00 |
| 12/2007 – 11/2008 | 12 | $2,674.00 | $32,088.00 |
| 12/2008 – 11/2011 | 36 | $2,829.00 | $101,844.00 |
| 12/2011 – 11/2012 | 12 | $2,931.00 | $35,172.00 |
| 12/2012 – 11/2013 | 12 | $2,980.00 | $35,760.00 |
| 12/2013 – 11/2014 | 12 | $3,025.00 | $36,300.00 |
| 12/2014 – 11/2016 | 24 | $3,076.00 | $73,824.00 |
| 12/2016 – 11/2017 | 12 | $3,085.00 | $37,020.00 |
| 12/2017 – 11/2018 | 12 | $3,148.00 | $37,776.00 |
| 12/2018 – 07/2019 | 8 | $3,235.00 | $25,880.00 |
| | | **Total** | **$452,092.00** |

## CAUSES OF ACTION

**A. False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**

24. The United States re-alleges and incorporates the preceding paragraphs.

25. By virtue of the acts described above, Defendant knowingly presented, or caused to be presented, to the United States false or fraudulent unemployment claims in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

26. The United States suffered actual damages in an amount of at least $452,092.00 and is entitled to treble damages and civil penalties under the False Claims False Claims Act, 31 U.S.C. § 3729 *et seq.* as amended.

### B. False Claims Act, 31 U.S.C. § 3729(a)(1)(B)

27. The United States re-alleges and incorporates the preceding paragraphs.

28. By means of the acts described above, Defendant knowingly made or used, or caused to be made or used, a false record or statement which was submitted to the USRRB, the authority managing the disability annuity program, and that false record or statement, which was material to the compensation obtained, caused the payment of compensation that would otherwise have been denied.

29. The United States suffered actual damages of at least $452,092.00 and is entitled to treble damages and civil penalties under the False Claims False Claims Act, 31 U.S.C. § 3729 *et seq.* as amended.

### C. Payment by Mistake of Fact

30. The United States re-alleges and incorporates the preceding paragraphs.

31. As a result of the conduct described above, Defendant obtained federal funds that were not properly payable.

32. At the time such payments were made, the United States, through the USRRB, was not aware of Defendant's wrongful conduct. Had the USRBB known that Defendant was not physically disabled, was receiving outside income, and was involved in fraudulent schemes, it would not have approved payment of his benefits. All payments made to Defendant were done by mistake of fact.

33. As a consequence, the United States is entitled to recover those funds which were obtained in the amount of $452,092.00.

### D. Unjust Enrichment

34. The United States re-alleges and incorporates the preceding paragraphs.

35. As a result of the conduct described above, Defendant obtained federal funds to which he was not entitled.

36. In consequence of the acts set forth above, Defendant has been unjustly enriched at the expense of the United States under circumstances directing that in equity and good conscience, such money should be returned to the United States.

**E. Conversion.**

37. The United States re-alleges and incorporates the preceding paragraphs.

38. This is a claim for conversion of government property.

39. Defendant obtained funds belonging to the United States.

40. Defendant retained, dissipated, and failed to return USRRB benefit funds to the United States.

41. Defendant wrongfully exercised dominion and control over USRRB benefit funds to the exclusion of and inconsistent with the rights of the United States.

42. Defendant acted with malice.

43. Defendant's continuous and long-term acceptance, taking, and dispensing of funds was wanton and malicious.

44. Defendant is liable to the United States for actual and exemplary damages, in amounts to be determined at trial.

## **CONCLUSION**

WHEREFORE, Plaintiff prays that the Court grant judgment for the United States against Defendant as follows:

1. For civil penalties for each false claim, pursuant to 31 U.S.C. § 3729(a);

2. For three times the amount of actual damages proved pursuant to 31 U.S.C. § 3729(a);

3. For damages proved for payments made under mistake of fact, unjust enrichment, and conversion;

4. For reasonable attorney's fees, costs, and expenses incurred by the United States in prosecuting this action;

5. Post-judgment interest at the rates permitted by law; and,

6. For such other and further relief as may be appropriate and authorized by law.

DATED: August 15, 2019                                     Respectfully submitted,

                                          **JOHN F. BASH**
                                          **United States Attorney**

By:    */s/ Faith Johnson Lowry*
       **FAITH JOHNSON LOWRY**
       Assistant United States Attorney
       Texas Bar No. 24099560
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas 78216-5597
       Telephone: (210) 384-7355
       Fax: (210) 384-7358
       E-mail: faith.johnson@usdoj.gov

       **ATTORNEYS FOR PLAINTIFF**